**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DESMOND HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1319-NCC |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the following reasons, this action will be dismissed without prejudice.

On October 10, 2023, self-represented plaintiff Desmond Harris, a pretrial detainee currently housed at the St. Louis City Justice Center, filed a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption, plaintiff listed the following entities as defendants: State of Missouri, 22nd Judicial Circuit Court, City of St. Louis, Department of Public Safety, and Division of Corrections. *Id.* at 1. However, in the section of the complaint for plaintiff to list all defendants, he only included "the State of Missouri 22nd Judicial Circuit Court." *See id.* at 2. Plaintiff's complaint did not include a Statement of Claim, a description of his injuries, or the relief he sought. Rather, plaintiff attached various documents to his complaint without any explanation.[1] *See* ECF No. 1-4.

---

[1] Attached to the complaint were the following documents: (1) a handwritten form titled, "Claim for Damage, Injury, or Death," in which he stated he was subjected to "wrongful incar[c]eration, false arrest, unlawful detainment, fraud, public humiliation, defamation of character, [and] PTSD," (2) a document titled, "NOTICE Petition for Redress of Gr[ie]vance: Motion to Dismiss Pursuant Article I § 9 of the Missouri Constitution," followed by two pages of citations to the United States Constitution; (3) a copy of an Informal Resolution Request form related to an August 22, 2023 incident in which inmates were allegedly placed into segregation and deprived of "meals, showers and outside contact for 9 days," and (4) two pages of notebook paper in which plaintiff provided vague and conclusory allegations that detainees are subject to cruel and unusual punishment.

On December 15, 2023, the Court granted plaintiff leave to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 13. Upon such review, the Court determined the complaint was subject to dismissal for failure to state a claim and legal frivolity. First, the Court explained that the State of Missouri is not a "person" under § 1983, and a department or subdivision of City government, such as the "Department of Public Safety," is not an entity subject to suit under 42 U.S.C. § 1983. Second, the complaint was devoid of any allegations related to a policy or custom of unconstitutional action, as would be required to state a claim against the City of St. Louis. Third, plaintiff did not comply with Rule 8(a) of the Federal Rules of Civil Procedure because a short and plain statement of the claim showing that the pleader is entitled to relief was absent from the complaint. Finally, the Court noted that plaintiff failed to name any individual defendants who were personally liable for his alleged claims. The Court provided plaintiff with detailed instructions for amending his complaint in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiff had thirty (30) days, or until January 14, 2024, to comply. He was warned that failure to timely comply could result in the dismissal of this action, without prejudice and without further notice.

On December 18, 2023, the Court received a seven-page document drafted on notebook paper. ECF No. 14. The document does not include a title or caption, but the Court construes it as a proposed settlement agreement. Within, plaintiff requests defendants to pay him $10,500,000.00 and, in return, he states he will dismiss the instant lawsuit. *Id.* at 1.

As of the date of this Memorandum and Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The proposed settlement agreement is not compliant with the Court's instructions. The Court gave plaintiff

meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's December 15, 2023 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of February, 2024.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE