# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DESMOND HARRIS,                    )<br>                                                   )<br>             Plaintiff,                    )<br>                                                   )<br>      v.                                         )<br>                                                   )<br>STATE OF MISSOURI, et al.,      )<br>                                                   )<br>             Defendants.                )  | Case No. 4:23-CV-1319-NCC |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon self-represented plaintiff's filing of an amended complaint. ECF No. 18. For the following reasons, the Court will decline to reopen this matter.

**Background**

Plaintiff initiated this case on October 10, 2023 pursuant to 42 U.S.C. § 1983 against the State of Missouri's 22nd Judicial Circuit Court and the City of St. Louis's Department of Public Safety and Division of Corrections. ECF No. 1. Plaintiff's complaint did not include a Statement of Claim, a description of his injuries, or the relief he sought. Rather, plaintiff attached various documents to his complaint without any explanation. *See* ECF No. 1-4.

On December 15, 2023, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 13. Upon such review, the Court determined the complaint was subject to dismissal for failure to state a claim and legal frivolity. The Court provided plaintiff with detailed instructions for amending his complaint in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiff had thirty (30) days, or until January 14, 2024, to comply. He was

warned that failure to timely comply could result in the dismissal of this action, without prejudice and without further notice.

The Court dismissed this action on February 6, 2024 without prejudice pursuant to Fed. R. Civ. P. 41(b) due to plaintiff's failure to comply with the Court's Order to amend his original complaint and failure to prosecute his case. ECF Nos. 15, 16. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

The instant post-judgment filing was received by this Court on April 25, 2024. ECF No. 18. The Court notes, however, that the envelope containing the amended complaint was postmarked January 12, 2024. *See id.* at 13. Because a self-represented prisoner's filing is deemed filed the day it was placed in the prison mailing system rather than the date it is received by the Clerk, the Court will treat the amended complaint as timely filed despite the unusual length of time it took for the mail to be delivered. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that self-represented prisoner notices of appeal are deemed filed at the time they are delivered to prison authorities for forwarding); *Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1994) (stating that under the "prison-mailbox rule," the effective date of a self-represented prisoner filing is "the date the prisoner deposits it in the prison mail system for forwarding to the district court").

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse

3

mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Having thoroughly reviewed and liberally construed the amended complaint, the Court finds it is subject to dismissal for failure to state a claim and legal frivolity. The amended complaint names one defendant, the "22nd Judicial Circuit, City of St. Louis Circuit Court." ECF No. 18. Plaintiff alleges the 22nd Judicial Circuit Court "charged false allegations" against him. *Id.* at 4. He complains he lost his home to pay attorney's fees and was attacked by a fellow inmate while incarcerated. *Id.* For relief, plaintiff seeks $15,000,000 in monetary damages.

The Court will decline to reopen this closed case because the sole defendant, the 22nd Judicial Circuit Court, cannot be sued under § 1983. "[A] suit against a state court is, in effect, a suit against the State of Missouri." *Engel v. Missouri Cts.*, 2020 WL 7493195, at *2 (E.D. Mo. Dec. 21, 2020). The State of Missouri is absolutely immune from liability under § 1983 in absence of a waiver. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000). Further, a Missouri court cannot be sued under § 1983 because it is protected by Eleventh Amendment immunity. *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).

To the extent plaintiff is attempting to sue the state prosecutor for pursuing criminal charges against him, such a claim also fails.[1] Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process").

Allegations of a false charge do not defeat immunity. *See Woods v. Hutcheson*, 2018 WL 3458701, at *3 (E.D. Mo. July 17, 2018) ("suggesting that [defendant] acted with an improper motive" does "not defeat immunity"); *Parham v. Cann*, 2020 WL 134859, at *5 (E.D. Mo. Jan. 13, 2020) ("defendants are absolutely immune when fulfilling their duties as prosecutors by bringing charges against an individual," even when there is an allegation of a "false charge"); *Imbler*, 424 U.S. at 409 (there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject the honest to the constant dread of retaliation). Plaintiff's statement that the charges were later dismissed is of no consequence. *See Woods*, 2018 WL 3458701, at *4 (dropping charges against plaintiff does not mean that prosecutor knowingly filed a false report).

---

[1] Plaintiff names the "22nd Judicial Circuit, City of St. Louis Circuit Court" as the sole defendant in the caption, however, in the section to list the parties, plaintiff writes "prosecutor" and marks the "official capacity" block. ECF No. 18 at 2.

Additionally, plaintiff does not provide any facts to establish that the prosecutor's investigation of the case was somehow wrongful. The Court is not required to accept such conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). *See also Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Accordingly,

**IT IS HEREBY ORDERED** that the Court will decline to reopen this closed matter as the amended complaint fails to state a claim and is legally frivolous.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated this 13th day of May 2024.

                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE